IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARL FRANKLIN RUSSELL                                                                         PLAINTIFF

vs.                                         Civil No. 4:14-cv-04061

CAROLYN COLVIN                                                                                DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Carl Franklin Russell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on February 22, 2011.  (Tr. 22, 113-114).  Plaintiff alleged he was disabled due to COPD and emphysema.  (Tr. 133).  Plaintiff alleged an onset date of February 18, 2011.  (Tr. 22, 133).  This application was denied initially and again upon reconsideration.  (Tr. 22, 59-61, 63-64).  Thereafter, Plaintiff requested an administrative hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

1

on his application and this hearing request was granted. (Tr. 67-68).

Plaintiff 's administrative hearing was held on May 14, 2013. (Tr. 38-56). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Talesia Beasley testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had a ninth grade education. (Tr. 40-41).

On June 12, 2013, the ALJ entered an unfavorable decision denying Plaintiff application for DIB. (Tr. 22-33). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 24, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 24, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of non obstructive coronary artery disease, chronic obstructive pulmonary disease, depression, and PTSD. (Tr. 24, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 26, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 27-31). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC for light work but should avoid ropes, scaffolds, climbing and ladders; should avoid cold and heat extremes, wetness, humidity, fumes, odors, and dust; has the ability to understand, carry out and remember short and simple tasks and instructions, and requires nonpublic work with minimal

coworker or supervisory interaction. (Tr. 27, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 32, Finding 6). The ALJ found Plaintiff was unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 32, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as assembly line worker with 9,741 such jobs in Arkansas and 318,204 such jobs in the nation, wire assembly worker with 4073 such jobs in Arkansas and 207,870 such jobs in the nation, and line operator with 2,445 such jobs in Arkansas and 81,723 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from February 18, 2011, through the date of the decision. (Tr. 33, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 18). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On April 16, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 17, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the RFC determination, and (C) by failing to submit a proper hypothetical to the VE. ECF No. 9, Pgs. 10-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included non obstructive coronary artery disease, chronic obstructive pulmonary disease, depression, and PTSD. (Tr. 24, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See*

20 C.F.R. pt. 404, subpt. P, app.1.  Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

Plaintiff argues he meets a Listing under Section 3.02 for Chronic Pulmonary Insufficiency. To meet Listing 3.02, Plaintiff must show:

> A. Chronic obstructive pulmonary disease, due to any cause, with the FEV1 (forced expiratory volume) equal to or less than the values specified in Table I corresponding to the person's height without shoes.
> or
>
> B. Chronic restrictive ventilatory disease, due to any cause, with the FVC (forced vital capacity) equal to or less than the values specified in Table II corresponding to the person's height without shoes.
> or
>
> C. Chronic impairment of gas exchange due to clinically documented pulmonary disease with:
>
> 1. Single breath DLCO (see 3.00F1) less than 10.5 ml/min/mm Hg or less than 40 percent of the predicted normal value. (Predicted values must either be based on data obtained at the test site or published values from a laboratory using the same technique as the test site. The source of the predicted values should be reported. If they are not published, they should be submitted in the form of a table or nomogram); or
>
> 2. Arterial blood gas values of PO2 and simultaneously determined PCO2 measured while at rest (breathing room air, awake and sitting or standing) in a clinically stable condition on at least two occasions, three or more weeks apart within a 6–month period, equal to or less than the values specified in the applicable table III–A or III–B or III–C; or
>
> 3. Arterial blood gas values of PO2 and simultaneously determined PCO2 during steady state exercise breathing room air (level of exercise equivalent to or less than 17.5 ml O2 consumption/kg/min or 5 METs) equal to or less than the values specified in the applicable table III–A or III–B or III–C in 3.02C2.

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02.

The medical evidence shows Plaintiff's pre-medication FEV1 was 1.81 and FVC was 3.80,

and post-medication FEV1 was 2.16 and FVC was 4.46. (Tr. 496).  To meet Listing 3.02(A) or (B), Table I and II require a person 71 inches in height, such as Plaintiff, to have an FEV1 equal to or less than 1.45 and FVC equal to or less than 1.75, respectively.  Plaintiff's FEV1 and FVC values are higher than the criteria required under Listing 3.02 (A) or (B).  Plaintiff's spirometry testing results establish Plaintiff does not meet Listing 3.02.  Finally, Plaintiff does not reference any medical evidence to support a finding he meets the requirements of 3.02(C).

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b).  Plaintiff has not met this burden.  I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the

7

workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work but should avoid ropes, scaffolds, climbing and ladders; should avoid cold and heat extremes, wetness, humidity, fumes, odors, and dust; has the ability to understand, carry out and remember short and simple tasks and instructions, and requires nonpublic work with minimal coworker or supervisory interaction. (Tr. 27, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 9, Pgs. 15-18. However, substantial evidence supports the ALJ's RFC determination.

Plaintiff argues the RFC assessment of Chiropractor Dr. R. Daniel Wolfe, along with Plaintiff's respiratory impairments, do not support the ALJ's RFC determination. ECF No. 9, Pgs. 15-18.

On October 25, 2013, Dr. Wolfe prepared an RFC assessment which found Plaintiff incapable of performing light work. (Tr. 14-17). The assessment was made as a result of an October 4, 2013 car accident. *Id.* Plaintiff's administrative hearing was May 14, 2013 (Tr. 38-56) and the ALJ's decision was made on June 12, 2013. (Tr. 22-33). Therefore, Dr. Wolfe's assessment was related to a later time period and had no relevance as to whether Plaintiff was disabled prior to June 12, 2013, the date of the ALJ's decision.

As for Plaintiff's respiratory impairments, the ALJ pointed out that although Plaintiff alleged disability due to breathing impairments, he continued to smoke more than one pack of cigarettes per day. (Tr. 28). Further, Plaintiff was advised by treating physicians to stop smoking. (Tr. 233-234, 279, 286, 290, 419, 498-499, 507, 515, 521). Finally, the ALJ did account for respiratory issues of

8

Plaintiff in the RFC when he found Plaintiff should avoid cold and heat extremes, wetness, humidity, fumes, odors, and dust.  (Tr. 27, Finding 5).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination.  Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy.  *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004).  The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE.  *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation.  *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003).  If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE.  *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform

work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform light work but should avoid ropes, scaffolds, climbing and ladders; should avoid cold and heat extremes, wetness, humidity, fumes, odors, and dust; has the ability to understand, carry out and remember short and simple tasks and instructions, and requires nonpublic work with minimal coworker or supervisory interaction. (Tr. 27, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 53-55). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 32, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 33, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **28th day of April 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE